UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WELKER FARMS, LLC, | ) | Case No. 12-17361-EBB |
| | ) | Chapter 11 |
| Debtor. | ) | |

**OBJECTION TO SENDER WASSERMAN WADSWORTH, P.C.'S SECOND INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Frederic Rubin ("Mr. Rubin"), through his counsel, respectfully submits his Objection to Sender Wasserman Wadsworth, P.C.'s ("Firm"), Second Interim Application for Allowance of Compensation and Reimbursement of Expenses ("Second Application"), and states as follows:

1. Welker Farms, LLC ("Debtor") filed for relief under Chapter 11 of Title 11 of the United States Code on April 13, 2012 (the "Petition Date"). Mr. Robert Stemwedel, as the putative manager of SRC, authorized the bankruptcy filing of this Debtor. *See Docket No. 3.*

2. The sole member and manager of this Debtor is Senior Residential Communities, LLC ("SRC"). SRC is currently in its own Chapter 7 case before this Court, Case No. 12-34582 EEB. Kimberley Tyson is the Chapter 7 Trustee in the SRC Case. Mr. Rubin filed a motion to dismiss the SRC bankruptcy case, which is presently pending.

3. This bankruptcy case is also related to the bankruptcy case of Robert J. Stemwedel and Linda A. Kelly, Case No. 11-39196-EEB (the "Stemwedel Case").

4. On March 20, 2013, the District Court, Weld County, Colorado ("State Court") entered its Order Re: Declaratory Judgment, in the action styled *Frederic P. Rubin v. Robert J. Stemwedel*, Jr., Case No. 12CV321 (the "Deck Action"), a copy of which was previously filed in this case.

5. The State Court held that as of the date of Mr. Robert Stemwedel's bankruptcy filing, December 20, 2011, Mr. Stemwedel had involuntarily withdrawn as a member and manager of this Debtor under the terms of the Amended and Restated Operating Agreement. The State Court further held that Mr. Rubin was and is the sole remaining member of SRC.

6. On April 12, 2013, the sole member of the Debtor, Mr. Rubin, held a meeting of the membership of SRC. At such meeting, Mr. Rubin was elected to serve as the Manager of SRC. A copy of the Written Consent of the Sole Member of Senior Residential Communities, LLC dated April 12, 2013 was previously filed with this Court. Mr. Rubin is therefore the duly authorized manager of SRC.

7. SRC has joined Mr. Rubin's motion to dismiss the SRC bankruptcy case, along with the Majority of the Series 2006 Noteholders.

8. The Firm seeks compensation of $18,021.00 and reimbursement of expenses of $1,800.40. *See Second Application, pp. 3-5.* For General Administration, the Firm seeks $13,253.00. The vast majority of this time and expense was on the Debtor's opposition to Mr. Rubin's relief from stay, the Deck Action, and the SRC bankruptcy case. For Creditor Issues, the Firm seeks $240.00, all which related to Mr. Rubin's efforts to seek resolution of the ownership of SRC. For matters involving the Debtor's Plan, the Firm seeks $3,664.00. All of this work involved the Debtor's Plan under circumstances where there were disputed issues of corporate authority.

9. Section 330 of the Bankruptcy Code provides for the compensation of professionals for the actual and necessary services rendered to the estate. 11 U.S.C. §330(a)(1)(A). The Bankruptcy Code also provides for the reimbursement of the actual, necessary expenses incurred by employed professionals. 11 U.S.C. §330(a)(1)(B).

10. In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

    a. the time spent on such services;
    b. the rates charged for such services;
    c. whether the services were necessary to the administration of, or beneficial at the time at which such service was rendered toward the completion of, a case under title 11;
    d. whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed
    e. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and,
    f. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

    11 U.S.C. §330(a)(3).

11. The court shall not allow compensation for:

   a. unnecessary duplication of services; or
   b. services that were not (i) reasonably likely to benefit the debtor's estate; or (ii) necessary to the administration of the estate.

   11 U.S.C. §330(a)(4)(A).

12. This Court has "an affirmative duty to examine, and if appropriate, challenge requested fees, even in the absence of an objection." *In re Recycling Industries, Inc.* 243 B.R. 396, 401 (Bkrtcy.D.Colo.,2000)(quoting *In re Gillett Holdings, Inc.*, 137 B.R. 475, 480 (Bankr.D.Colo.1992).

13. Mr. Rubin does not object to the hourly rates charged by the Firm. Mr. Rubin does object to the reasonableness of the fees and costs incurred and whether the Firm's fees and costs were actual and necessary for this bankruptcy estate.

14. Pursuant to 11 U.S.C. §331, the court may award interim compensation to any professional person employed by the estate. However, interim compensation may be wholly inappropriate in many circumstances, such as where the debtor faces a cash flow crisis and the professional has already received a large retainer. *In re Gloria Mfg. Corp.*, 20 B.R. 603 (Bankr.E.D.Va. 1982).

15. Once the court has the time records of the attorney before it, it must review the application for "billing judgment." *In re Recycling Industries, Inc.*, 243 B.R. at 401 (citing *Case v. Unified School Dist. No. 233, Johnson County, Kansas*, 157 F.3d 1243, 1250 (10th Cir.1998)).

16. It is well settled that the burden of proof as to the reasonableness of compensation is on the fee applicant. *In re Recycling Industries, Inc.*, 243 B.R. at 402 (citing *In re Narragansett Clothing Company*, 210 B.R. 493, 497 (1st Cir. BAP 1997); *In re Associated Grocers of Colorado, Inc.*, 137 B.R. 413, 420 (Bankr.D.Colo.1990)).

17. As set forth in Mr. Rubin's motion to dismiss the SRC bankruptcy case, which is incorporated herein by reference, there was, at a minimum, disputed factual and legal issues at the time of the commencement of this case as to whether Mr. Stemwedel had the necessary authority to file this case. Moreover, such disputes continued throughout this bankruptcy case and were well known to all parties and their counsel.

18. Given the March 20, 2013 Order by the District Court, Mr. Stemwedel lacked the authority to cause this Debtor to file for bankruptcy. Similarly, Mr. Stemwedel lacked the authority to retain and direct counsel for this Debtor in this bankruptcy case.

19. As evidenced by the Firm's Application, the vast majority of time spent in this case was to oppose every effort of Mr. Rubin, both in opposing relief from stay to proceed with the Deck Action, in this case and in the SRC bankruptcy case, assisting Mr. Stemwedel in proposing a Plan of Reorganization which would maintain Mr. Stemwedel's control of this Debtor and eliminate the ownership interest of Mr. Rubin through SRC.

20. Mr. Rubin also asserts that the vast majority of time incurred by the Firm for the Debtor was not an actual and necessary expense. Mr. Rubin asserts that the Debtor could have avoided the fees and costs incurred by simply stipulating to relief from stay to allow the Deck Action to proceed to fruition. Once the Deck Action was resolved, then the Debtor, through the duly authorized corporate actor, could have taken appropriate action to move this case forward and direct counsel accordingly.

21. The Firm already received approval of its First Interim Application for fees in the amount of $46,431.00 and expenses of $1,482.20. The Firm also obtained approval to apply its retainer of $19,742.00 to the fees and expenses approved under the First Interim Application.

22. As evidenced by the Debtor's monthly operating reports filed in this case, there are no ongoing operations being maintained by this Debtor. Rather, this Debtor's sole focus is litigation. The Debtor lacks the present ability to pay any expenses of the bankruptcy estate, including the fees of the Office of the US Trustee. Thus, it is inappropriate to award any fees or expenses to the Firm on an interim basis. *In re Gloria Mfg. Corp.*, 20 B.R. at 606.

WHEREFORE, Mr. Rubin respectfully requests that this Court deny the Firm's Second Interim Application, and that the Court grant such other and further relief as the Court deems appropriate.

Respectfully submitted this 2nd day of May, 2013.   BUECHLER LAW OFFICE, L.L.C.

/s/ Kenneth J. Buechler
_____
Kenneth J. Buechler, #30906
1621 18th Street, Suite 260
Denver, Colorado 80202
Tel: 720-381-0045
Fax: 720-381-0382
ken@kjblawoffice.com
Attorneys for Frederic Rubin

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 2, 2013, I served by prepaid first class mail a copy of the **OBJECTION TO SENDER WASSERMAN WADSWORTH, P.C.'s SECOND INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** on all parties entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Welker Farms, LLC
P.O. Box 611
Mead, CO 80542

Beverly L. Edwards
10800 E. Bethany Dr., Ste. 550
Aurora, CO 80014

Kimberley H. Tyson
1675 Broadway, Ste. 2600
Denver, CO 80202

Neal K. Dunning, Esq.
Brown, Berardini & Dunning, P.C.
2000 S. Colorado Blvd.
Tower Two, Suite 700
Denver, CO 80222

Cynthia T. Kennedy, Esq.
Kennedy Law Firm
308 E. Simpson Street
Lafayette, CO 80026

Harvey Sender
David Warner
1660 Lincoln Street, St. 2200
Denver, CO 80264

Barton S. Balis
728 Pearl Street
Boulder, CO 80302

US Trustee
Joanne C. Speirs
999 18th St., Suite 1551
Denver, CO 80202

Robert D. Greenlee
Greenlee Capital Partners, LLLP
2060 Broadway, Suite 400
Boulder, CO 80302

William C. Sears
PO Box 1087
Laporte, CO 80535

*/s/ Celina Worly*
_____
For Buechler Law Office, L.L.C.